NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUANA MARINA CORDON LEON, AKA Juana Marina Cordon Sosa, AKA Juana Cordon Leon,<br><br>          Petitioner,<br><br>  v.<br><br>PAMELA BONDI, Attorney General,<br><br>          Respondent. | No.   19-70153<br><br>Agency No. A205-059-082<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2026[**]
Las Vegas, Nevada

Before:  BENNETT and SANCHEZ, Circuit Judges, and HOLCOMB,[***] District Judge.

Petitioner Juana Marina Cordon Leon, a native and citizen of Guatemala,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable John W. Holcomb, United States District Judge for the Central District of California, sitting by designation.

petitions for review of a Board of Immigration Appeals ("BIA") order dismissing her appeal of an immigration judge's ("IJ") denial of asylum, withholding of removal, and relief under the Convention Against Torture. On appeal, Petitioner challenges only the BIA's affirmance of the denial of asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

"For both asylum and withholding claims, a petitioner must prove a causal nexus between one of her statutorily protected characteristics and either her past harm or her objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). We review the BIA's nexus determination for substantial evidence. *Id.* Under that "highly deferential" standard, the BIA's determination is "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* (quoting *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022)).

Substantial evidence supports the BIA's determination that Petitioner failed to establish a nexus between her alleged protected ground—her familial relationship to her disappeared nephew—and the harm she experienced or fears. In or around 2012, a group of men came to her home and asked about her relationship to her disappeared nephew, and about one week later, an unidentified individual threw a rock through her bedroom window and ran away. The record, however, lacks evidence that the men harmed, threatened, or would harm Petitioner because of her

relationship to her nephew. *See id.* at 1018 ("The reasons needed to prove a nexus refer to the persecutor's motivations for persecuting the petitioner."). Indeed, Petitioner testified that the men never harmed or threatened her, and she has several family members who have remained in Guatemala without experiencing harm or threats. She also did not know who threw the rock or why the individual threw the rock. And although Petitioner testified that the individual who threw the rock hollered that she was "the lady" of the "bad guy" with the "bad vibe," Petitioner testified that her nephew was "a really good person." Thus, we are not compelled to conclude that the individual who threw the rock was referring to her nephew. Based on this record, substantial evidence supports the agency's denial of asylum and withholding of removal.[1]

**PETITION DENIED.**[2]

---

[1] We do not address the IJ's adverse credibility determination because the BIA did not rely on the adverse credibility determination in upholding the IJ's decision. *See Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) ("Our review is limited to those grounds explicitly relied upon by the Board."). Because the BIA's no-nexus determination was dispositive, the BIA did not err in failing to address the adverse credibility determination. *See Immigr. & Naturalization Serv. v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

[2] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.